FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
11/24/2018 7:42 PM
James A. Noel
CLERK OF THE COURT
Catherine Chavez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

KENNETH HASTINGS

        Plaintiff,

vs.                                              Civil Action No.   D-202-CV-2018-08536

ANTHONY PASCOE,
ELIZABETH PASCOE; and
UNITED SERVICES AUTOMOBILE ASSOCIATION

        Defendants.

## COMPLAINT FOR PERSONAL INJURIES

**NOW COMES,** Plaintiff Kenneth Hastings, by and through his attorneys, Bleus & Associates, LLC, and for his cause of action states:

1.    That Plaintiff Kenneth Hastings was at all times relevant and material hereto, a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico.

2.    That upon information and belief, Defendant Anthony Pascoe was at all times relevant and material hereto, a resident of the City of Wasilla, Matanuska-Susitna Borough, State of Alaska.

3.    That upon information and belief, Defendant Elizabeth Pascoe was at all times relevant and material hereto, a resident of the City of Wasilla, Matanuska-Susitna Borough, State of Alaska.

4.    That upon information and belief, Defendant UNITED SERVICES AUTOMOBILE ASSOCIATION (hereinafter referred to as Defendant "USAA"), is a foreign corporation doing business in both the State of Alaska and the State of New Mexico by issuing automobile liability insurance policies to Alaska and New Mexican residents. Defendants

1

Anthony Pascoe and/or Elizabeth Pascoe procured an insurance policy from USAA, and or their agents, servants and/or employees. By force of legislative enactment, the Financial Responsibility Act inures to the benefit of the public and no language within said Act precludes joinder of Defendants, USAA to this suit. Therefore, Defendant USAA is a necessary and proper party to this action and this Court has in personam jurisdiction over Defendant UNITED SERVICES AUTOMOBILE ASSOCIATION and the subject matter of this litigation.

5. That the act complained of herein occurred within the City of Albuquerque, County of Bernalillo, State of New Mexico.

6. That jurisdiction and venue of the Court are proper in the District Court of Bernalillo County, New Mexico, pursuant to Section 38-3-1 NMSA 1978.

## STATEMENT OF FACTS

7. That on or about November 25, 2015, at approximately 1:36 p.m., Clarissa Hastings was the operator of a white, 2010 Mercedes Benz traveling southbound along a public way, known as Coors Boulevard NW near its intersection with Westside Drive NW, in Bernalillo County, New Mexico. Plaintiff, Kenneth Hastings was the restrained, front seated passenger.

8. That on or about the same date and time, Defendant Anthony Pascoe was the operator of a motor vehicle, also traveling southbound along a public way, known as Coors Boulevard NW near the intersection of Westside Drive NW, in Bernalillo County, New Mexico, and traveling directly behind Mrs. Hastings car.

9. That on or about the same date and time, Defendant Anthony Pascoe did negligently, carelessly, recklessly and or in violation of the laws and regulations of the State of New Mexico maintained, controlled and/or operated a motor vehicle so as to cause said motor

vehicle to collide into the rear end of the motor vehicle in which Plaintiff Kenneth Hastings was a passenger.

10.     That on November 25, 2015, Defendant Anthony Pascoe did negligently, carelessly, recklessly and or in violation of the laws and regulations of the State of New Mexico maintained, controlled and/or operated a motor vehicle so as to cause a motor vehicle to forcefully collide into the rear of the motor vehicle in which Plaintiff Kenneth Hastings was a passenger.

11.     That on the date of the subject crash, Defendant Anthony Pascoe was engaged in negligent conduct, to wit: (1) failing to yield the right of way; (2) exercising driver inattention; (3) speeding; (4) failing to pay full attention to the roadway; (5) failing to timely apply brakes; (6) failing to exercise due care; (7) careless driving; (8) failing to keep a proper lookout for traffic; and (9) following too closely.

12.     That Defendant Anthony Pascoe did negligently operate a motor vehicle, and was a direct and proximate cause of the motor vehicle collision and subsequent serious personal injury to Plaintiff Kenneth Hastings.

13.     That as a result of the impact, Plaintiff Hastings was caused to suffer serious personal injuries to his body, with a subsequent loss of function as a direct and proximate result of the collision.

14.     That as a result of Defendant Anthony Pascoe's negligence, Plaintiff Kenneth Hastings did incur medical damages as a direct and proximate result of his personal injuries.

15.     That as a result of Defendant Anthony Pascoe's negligence, Plaintiff Kenneth Hastings did incur lost wages and/or out of pocket expenses as a direct and proximate result of the motor vehicle collision and corresponding impact.

16. That on the date of the subject crash, Defendant Anthony Pascoe owed Plaintiff Kenneth Hastings, a duty to exercise reasonable care in the operation of a motor vehicle.

17. That Defendant Anthony Pascoe negligently breached that duty by failing to operate a motor vehicle in a safe, reasonable and prudent manner.

18. That at the abovementioned time and place, the motor vehicle being operated by Defendant Anthony Pascoe was owned and/or insured by Defendant Elizabeth Pascoe.

19. That Defendant Elizabeth Pascoe, negligently entrusted a motor vehicle to Defendant Anthony Pascoe and is vicariously liable for the negligence of Defendant Anthony Pascoe.

20. Defendant Elizabeth Pascoe is liable for the negligent acts of Defendant Anthony Pascoe under the family purpose doctrine and/or the doctrine of *respondent superior*.

## COUNT I

### NEGLIGENCE AND NEGLIGENCE *PER SE*
### DEFENDANT ANTHONY PASCOE

21. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 20 as if set forth in full herein.

22. That on or about November 25, 2015, Defendant Anthony Pascoe, by and through his acts and/or omissions, was negligent in the operation of a motor vehicle at the time and place in question and was the proximate cause of the occurrence, which is the subject of this cause of action.

23. That at the time of the aforementioned collision, there were in force and effect certain New Mexico Statutes that were violated by Defendant Anthony Pascoe, including but not limited to the following:

    a. N.M.S.A. §66-7-3. Required obedience to traffic laws;

b. N.M.S.A. §66-7-201. Accidents involving death or personal injuries;

c. Albuquerque Ordinance §8-2-9-2. Accidents involving damage to vehicle;

d. N.M.S.A. §66-7-201. Duty to give information and render aid;

e. Albuquerque Ordinance §8-2-11-1. Duty to render aid;

f. N.M.S.A. §66-7-104. Obedience to traffic control devices;

g. Albuquerque Ordinance §8-2-1-13 (a). Obedience to traffic control devices;

h. Albuquerque Ordinance §8-2-3-1. When Dangerous to Proceed Forward;

i. N.M.S.A. §66-8-114. Careless driving;

j. Albuquerque Ordinance §8-2-1-13 (1). Careless driving;

k. N.M.S.A. §66-8-113. Reckless driving;

l. Albuquerque Ordinance §8-2-1-12. Reckless driving;

m. Albuquerque Ordinance §8-2-4-5. Controlled speed;

n. Albuquerque Ordinance §8-2-4-3 (a). Posted speed zones;

o. Albuquerque Ordinance §8-2-1-23. Failure to Keep a Proper Look Out;

p. Failing to make timely application of brakes;

q. Failing to keep vehicle under control;

r. N.M.S.A. §66-7-301. Speed regulation;

s. N.M.S.A. §66-7-332.1. Failure to yield the right of way; and

t. N.M.S.A. §66-7-201. Drivers to exercise due care; and

u. Following too close.

24. That Plaintiff Kenneth Hastings traveling as a passenger in a motor vehicle in the State of New Mexico was in the class of individuals contemplated by the Legislature as the intended class to be protected by the New Mexico Motor vehicle laws.

25. As a direct and proximate result of the negligence, negligence per se, acts and/or omissions of Defendant Anthony Pascoe, Plaintiff has suffered physical injuries and required medical treatment for his injuries and may continue to require medical treatment for his injuries in the future.

26. As a further direct and proximate result of the negligence, negligence per se, acts and/or omissions of Defendant Anthony Pascoe, Plaintiff Kenneth Hastings has suffered and will continue to suffer, a loss of household services, recreational activities and a loss of enjoyment of life.

27. As a further direct and proximate result of the negligence, negligence per se, acts and/or omissions of Defendant Anthony Pascoe, Plaintiff Kenneth Hastings has suffered and will continue to suffer pain and suffering and loss of society.

28. As a further direct and proximate result of the negligence, negligence per se, acts and/or omissions of Defendant Anthony Pascoe, Plaintiff Kenneth Hastings has suffered and will continue to suffer, property damage medical and out of pocket expenses.

29. All of the injuries to Plaintiff Kenneth Hastings relating to the aforementioned collision are due to the negligence, carelessness and/or reckless conduct of Defendant Anthony Pascoe, without any contributing negligence on the part of Plaintiff passenger, Kenneth Hastings.

## COUNT II

### NEGLIGENT ENTRUSTMENT & VICARIOUS LIABILITY
### DEFENDANT ELIZABETH PASCOE

30. Plaintiff incorporates here in all allegations contained in paragraphs 1 through 29 as if set forth in full herein.

31. That on or about November 25, 2015, Defendant Elizabeth Pascoe negligently entrusted a motor vehicle to Defendant Anthony Pascoe.

32. That Defendant Elizabeth Pascoe negligently entrusted a motor vehicle to Defendant Anthony Pascoe while either knowing, or should have known, that Defendant Anthony Pascoe was unfit to operate said motor vehicle.

33. As a direct and proximate result of the vicarious liability and negligent entrustment by Defendant Elizabeth Pascoe to Defendant Anthony Pascoe, Plaintiff Kenneth Hastings suffered physical injuries and required medical treatment for those injuries and may continue to require medical treatment for those injuries in the future.

34. As a further direct and proximate result of the vicarious liability and negligent entrustment by Defendant Elizabeth Pascoe to Defendant Anthony Pascoe, Plaintiff Kenneth Hastings suffered and will continue to suffer, a loss of household services, recreational activities and a loss of enjoyment of life.

35. As a further direct and proximate result of the vicarious liability and negligent entrustment by Defendant Elizabeth Pascoe to Defendant Anthony Pascoe, Plaintiff Kenneth Hastings suffered and will continue to suffer pain and suffering and loss of society.

36. As a further direct and proximate result of the vicarious liability and negligent entrustment by Defendant Elizabeth Pascoe to Defendant Anthony Pascoe, Plaintiff Kenneth Hastings suffered and will continue to suffer property damage, medical and out of pocket expenses.

37. That the nature, extent and duration of the injuries suffered by the Plaintiff relating to the aforementioned collision are due to the vicarious liability and negligent entrustment by Defendant Elizabeth Pascoe to Defendant Anthony Pascoe, without any contributing negligence on the part of Plaintiff passenger, Kenneth Hastings.

## CONCLUSION

**WHEREFORE**, Plaintiff Kenneth Hastings prays for judgment against the Defendant(s) Elizabeth Pascoe, Anthony Pascoe, and United Services Automobile Association ("USAA") in an amount to be proven at trial for all of his damages as follows:

a. For medical expenses incurred as a result of the negligence of the Defendant(s);

b. For future medical expenses to be proven at the time of trial;

c. For past and present pain and suffering damages;

d. For future pain and suffering damages;

e. For damages for loss of quality of life;

f. For punitive damages;

g. For loss of society;

h. Out of pocket expenses and costs;

i. For lost wages (if applicable);

j. For loss of earning capacity (if applicable);

k. For costs and attorney's fees incurred in bringing this action, as allowed by law;

l. For pre and post judgment interest;

m. For such other and further relief as the Court deems just and proper.

Respectfully submitted by:

**BLEUS & ASSOCIATES, LLC**

*/s/ George Anthony Bleus, Esq.*
George Anthony Bleus, Esq.
2633 Dakota NE
Albuquerque, NM 87110
(505) 884-9300 Office
(505) 884-9305 Facsimile
Email: Bleusandassociates@gmail.com
*Attorneys for the Plaintiff*